IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEIDA AQUINO and BRENDALIS LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>HAZLETON AREA SCHOOL DISTRICT,<br><br>Defendant. | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>CIVIL ACTION NO. |

## COMPLAINT

Plaintiffs Aleida Aquino and Brendalis Lopez, by and through their undersigned counsel, state the following as their Complaint against Defendant Hazleton Area School District ("HASD") under Section 2 of the Voting Rights Act of 1965 ("VRA"), 52 U.S.C. § 10301, and the Fourteenth Amendment to the U.S. Constitution:

### INTRODUCTION

1. Plaintiffs Aleida Aquino and Brendalis Lopez, registered Hispanic voters residing in the HASD, bring this action challenging the at-large system for electing directors of the Hazleton Area School Board ("HASB"). As alleged herein, the at-large method of electing HASB directors diminishes the voting strength of Hispanics in violation of Section 2 of the VRA and the Fourteenth Amendment. In

the absence of judicial relief, Plaintiffs' voting strength will continue to be unlawfully diluted by virtue of the at-large election method. Accordingly, Plaintiffs seek a declaratory judgment that the current at-large system for electing HASB directors violates the VRA and the Fourteenth Amendment, a permanent injunction prohibiting HASD from conducting future elections for the HASB using the at-large method of election and requiring implementation of an alternate election system that complies with Section 2 of the VRA and the Fourteenth Amendment to the U.S. Constitution, and other appropriate relief.

## PARTIES

2. Ms. Aquino is a citizen of the United States and registered voter residing in Hazleton, Pennsylvania, which is within the HASD. Ms. Aquino is the parent of a student who attends school in the HASD, regularly votes in local elections, including school board elections, and fully intends to vote in future elections for school director.

3. Ms. Lopez is a citizen of the United States and registered voter residing in Hazleton, Pennsylvania. Ms. Lopez is the parent of a student who attends school in the HASD, regularly votes in local elections, including school board elections, and fully intends to vote in future elections for school director.

4. HASD is a public school district organized and operating under Pennsylvania's Public School Code, 24 P.S. §§ 1-101 *et seq.*, which is comprised of

Luzerne County and parts of Carbon and Schuylkill Counties. HASD has a business address at 1515 West 23rd Street, Hazle Township, Pennsylvania.

5. HASD is a political subdivision within the meaning of and subject to the requirements of the VRA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this dispute under 52 U.S.C. §§ 10301, 10310(e), 42 U.S.C. §§ 1983, 1988, and 28 U.S.C. §§ 2201-2202 pursuant to 28 U.S.C. §§ 1331, 1343.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because HASD is located in this district and the events giving rise to the claims asserted herein occurred in this district.

## ALLEGATIONS

8. According to the U.S. American Community Survey (ACS), as of 2022, the HASD had a population of 78,495, of whom 55.4% were White/Non-Hispanic, 39.6% were Hispanic, and 5% were Black, Asian or multi-racial.

9. The Hispanic population in the HASD has grown substantially over the past two decades. Hispanics made up 17.9% of the population of the HASD in 2010 and 24.2% in 2016, compared to 39.6% in 2022.

10. The Hispanic population is concentrated in and around the City of Hazleton, which is fully contained within the HASD. The total Hispanic population

in the City of Hazleton as of 2022 was 62.2%. West Hazleton Borough, which borders the City of Hazleton, was 66.5% Hispanic.

11. As the chart below demonstrates, while the Hispanic citizen voting age population in the City of Hazleton has grown substantially over the past three decades and continues to grow, the White citizen voting age population has declined:



12. Despite the significant growth in the Hispanic citizen voting age population and the fact that Hispanics make up a majority of the voting age population in and around the City of Hazleton, Hispanic candidates have been unsuccessful in primary and general elections for the HASB even though they were

among the top vote-getters in primarily Hispanic precincts in and around the City of Hazleton.

13. There were 12,243 students attending school in the HASD in the 2022-23 school year. During the 2022-23 academic year, the student population in the HASD was 65.7% Hispanic (8041 students) and 30.4% White (3723 students).

14. The HASD is governed by a nine-member elected board of school directors who serve staggered four-year terms.

15. HASD school directors are elected pursuant to an "at-large" system whereby directors are chosen in district-wide elections to fill at-large seats.

16. Under HASD's at-large system, all voters in the HASD vote to fill school board seats from among a group of board candidates, each of whom must run a district-wide campaign and, if elected, represents the entire district.

17. Pennsylvania law allows school districts to elect school directors at large or from regions, or to elect some school directors at large and some from regions. *See* 24 P.S. § 3-303.

18. Prior to 1988, the HASD was apportioned into nine single-member districts and school directors were elected by region. The system was changed to the current at-large election system beginning in 1989.

19. The current at-large method of electing HASB directors dilutes the voting strength of Hispanic voters and effectively forecloses Hispanic voters from

5

electing candidates of their choice to the school board in violation of Section 2 of the VRA and the Fourteenth Amendment to the U.S. Constitution.

20. The Hispanic population of the HASD is sufficiently large and geographically compact to constitute a majority of the voting-age population in one or more single-member districts, particularly in and around the City of Hazleton.

21. The Hispanic population of the HASD is politically cohesive.

22. The White population of the HASD votes sufficiently as a bloc to usually defeat the preferred candidates of Hispanic voters.

23. Despite the substantial Hispanic population in the HASD and the political cohesion among Hispanic voters, Hispanic candidates preferred by Hispanic voters have consistently lost in elections for seats on the HASB and other local elections.

24. Voting in school board and other elections in the HASD is racially polarized.

25. All current members of the HASB are White.

26. No Hispanic has ever been elected to the HASB.

27. No Hispanic candidate has ever been elected to a local or state position that represents all of HASD, nor has any Hispanic candidate been elected to fill any federal office representing all of HASD. Further, Hispanic candidates have

generally been unsuccessful in elections for local municipal offices within the HASD.

28. There is a history of official discrimination against Hispanics in the HASD that affects the rights of Hispanic residents to register, vote, and participate in the democratic process.

29. The Hispanic population of HASD continues to suffer the effects of discrimination in education, policing, and employment, including employment within the HASD, which hinders their ability to participate effectively in the political process.

30. Hispanics in the HASD have been targeted by law enforcement, unfairly blamed for rising crime rates, denied language assistance by municipal officials, subjected to overtly discriminatory laws, and otherwise been subject to harassment and discrimination on account of their race.

31. Socioeconomic disparities exist between White and Hispanic residents of the HASD. Among other things, Hispanics are more likely to live under the poverty line. These disparities hinder the ability of Hispanics to participate effectively in the political process.

32. On information and belief, local elections are characterized by practices and procedures that impair Hispanic electoral success.

33. Community and economic redevelopment efforts by the City of Hazleton have historically excluded Hispanic organizations and businesses, despite a substantial increase in new businesses founded by Hispanics.

34. There has been a significant lack of responsiveness on the part of elected HASB officials to the particularized needs of the Hispanic community in the HASD. This includes, but is not limited to, disregard for serious concerns relating to disparate student discipline, student registration procedures founded on unfair stereotypes, inadequate school staffing, lack of qualified translators, and lack of effective methods of communication with parents.

35. The totality of the circumstances support Plaintiffs' claim that Hispanic voters in the HASD have less opportunity than other members of the electorate to participate in the political process and elect school directors of their choice.

## CAUSES OF ACTION

### Violation of Section 2 of the VRA, 52 U.S.C. § 10301 and 42 U.S.C. § 1983

36. Paragraphs 1 through 35 of this Complaint are incorporated by reference as if set forth fully herein.

37. Section 2 of the VRA provides:

> No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right

> of any citizen of the United States to vote on account or race or color . . . .

52 U.S.C. § 10301(a).

38.     A voting scheme violates Section 2 of the VRA where it "deprive[s] [minority] voters of an equal opportunity to participate in the political process and to elect representatives of their choice." *Thornburg v. Gingles*, 478 U.S. 30, 77 (1986).

39.     Under the totality of the circumstances, the current at-large system for electing HASD school directors unlawfully dilutes the voting strength of Hispanic citizens and deprives them of an equal opportunity to participate in the political process and elect representatives of their choice in violation of Section 2 of the VRA.

40.     Unless enjoined, HASD will continue violating Section 2 of the VRA by administering and conducting future elections for the HASB using the at-large method of election.

### Violation of the Fourteenth Amendment, 42 U.S.C. § 1983

41.     Paragraphs 1 through 40 of this Complaint are incorporated by reference as if set forth fully herein.

42.     The Fourteenth Amendment to the U.S. Constitution provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. am. XIV.

9

43. An at-large election system maintained for the purpose of denying minorities equal access to the political processes is unconstitutional. *See, e.g., Rogers v. Lodge*, 458 U.S. 613 (1982).

44. The continued use of the at-large system of electing school directors denies Hispanic citizens equal access to the political process in violation of the Equal Protection Clause of the Fourteenth Amendment.

45. Unless enjoined, Plaintiffs will continue to suffer deprivation of their right to equal protection in violation of the Fourteenth Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1. Issue a declaratory judgment finding that the current at-large election system for the HASB violates Section 2 of the VRA and the Fourteenth Amendment to the U.S. Constitution;

2. Permanently enjoin HASD, and all persons acting in concert with HASD, from administering, implementing, or conducting any future elections for school director under the current at-large election system;

3. Order implementation of an alternate election system for the HASB that complies with Section 2 of the VRA and the Fourteenth Amendment to the U.S. Constitution;

4. Adjudge all costs against HASD, including reasonable attorneys' fees,

case expenses, expert fees, and costs;

 5. Award Plaintiffs $1 in nominal damages for violation of their rights;

 6. Retain jurisdiction to render any and all further orders that this Court may deem appropriate; and

 7. Grant such other and further relief to which Plaintiffs may show themselves to be entitled.

Date: February 5, 2024

Respectfully submitted:

_____
Daniel T. Brier (PA ID 53248)
Patrick J. Brier (PA ID 44711)
Donna A. Walsh (PA ID 74833)
Timothy E. Gates (PA ID 202305)
Richard L. Armezzani (PA ID 322804)
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100
dbrier@mbklaw.com
pbrier@mbklaw.com
dwalsh@mbklaw.com
tgates@mbklaw.com
rarmezzani@mbklaw.com

_____
Chad Dunn*
Bernadette Reyes*
Sonni Waknin*
UCLA Voting Rights Project
3250 Public Affairs Building
Los Angeles, CA 90020
(310) 400-6019
chad@uclavrp.org
bernadette@uclavrp.org
sonni@uclavrp.org
*Pro Hac Vice Motion Forthcoming

_____
Peter D. Winebrake (PA ID 80496)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA  19025
(215) 884-2491
pwinebrake@winebrakelaw.com

_____
Frederick P. Rooney (PA ID 46492)
7 West Morton Street
Bethlehem, PA 18105
(484) 554-4492
fredprooney@gmail.com

*Attorneys for Plaintiffs, Aleida Aquino and Brendalis Lopez*

11