## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEIDA AQUINO and BRENDALIS LOPEZ,<br><br>                    Plaintiffs,<br><br>          v.<br><br>HAZLETON AREA SCHOOL DISTRICT<br><br>                    Defendant. | Civil Action No. 3:24-cv-00206 |

## DEFENDANT HAZLETON AREA SCHOOL DISTRICT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Eric A. Fitzgerald, Esquire
**McANGUS GOUDELOCK & COURIE, LLC**
2000 Market Street, Suite 780
Philadelphia, PA 19103
Mailing address:  P.O. Box 12519
Columbia, SC  29211
Phone: (484) 406-4334
Email:  eric.fitzgerald@mgclaw.com

*Attorney for Defendant,*
*Hazleton Area School District*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES …………………………………………………… iii

INTRODUCTION ……………………………………………………………..1

FACTUAL BACKGROUND …………………………………………………2

LEGAL STANDARD …………………………………………………………3

ARGUMENT …………………………………………………………………4

    I.    The Court Should Dismiss the Complaint Against HASD for
        Failure to State a Cause of Action
        …………………………………………………………………4

        A.    Section 2 of the VRA Does Not Include
              A Private Cause of Action
            …………………………………………………………4

        B.    Plaintiffs' Section 2 Claims Fail to State a Cause of Action
            …………………………………………………………6

        C.    Plaintiffs' Fourteenth Amendment Claims
              Fail to State a Cause of Action
            …………………………………………………..12

CONCLUSION ………………………………………………………………15

## <u>TABLE OF CONTENTS FOR EXHIBITS</u>

1.      Attached as Exhibit "A" is a true and correct copy of Plaintiffs'

Complaint dated February 5, 2024.

2.      Attached as Exhibit "B" is a copy of the Pennsylvania Department of

State, Voting & Election Statistics. Voter registration statistics by county:

https://www.dos.pa.gov/VotingElections/OtherServicesEvents/VotingElectionStati
stics/Pages/VotingElectionStatistics.aspx

3.      Attached as Exhibit "C" is a copy of the Luzerne County,

Pennsylvania Election Results Archive

https://www.luzernecounty.org/DocumentCenter/View/32243/School-Districts-
Final-Results-Primary

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Abraham v. Raso*,
183 F.3d 279, 287 (3d Cir. 1999) ……………………………………………12

*Abulkhair v. Comm'r of Soc. Sec.*,
450 Fed. App'x. 117, 119 n.3 (3d Cir. 2011) ……………………………………8

*Alston v. Madison*,
853 F.3d 901, 907 (7th Cir. 2017) …………………………………………..14

*Ariz. Christian Sch. Tuition Org. v. Winn*,
563 U.S. 125, 144-45 (2011) …………………………………………………5

*Ark. State Conf. NAACP v. Ark. Bd. of Apportionment*,
86 F.4th 1204, 1206-1207 (8th Cir. 2023) …………………….……………………1,4,5

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009) …………………………………………………3,7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570 (2007) …………………………………………………..7

*Bond v. Atkinson*,
728 F.3d 690, 692-93 (7th Cir. 2013) ………………………………………14

*City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*,
538 U.S. 188, 194 (2003) …………………………………………………..13

*City of Mobile v. Bolden*,
446 U.S. 55, 60 (1980) ……………………………………………………5

*Dist. Council 47, Am. Fed'n of State County and Municipal Employees, AFL-CIO v. Bradley*, 795 F.2d 310, 313 (3d Cir. 1986) …………………………………12

*Eid v Thompson*,
740 F.3d 118, 122 (3d. Cir 2014) …………………………………………7

*Fowler v. UPMC Shadyside*,
578 F.3d 203, 210 (3d Cir. 2009) …………………………………………………4

*Freeman v. Fahey*,
374 F.3d 663, 665 (8th Cir. 2004) ………………………………………………..4

*Garcia v. 2011 Legislative Reapportionment Comm'n*,
938 F. Supp. 2d 542, 548 (E.D. Pa. 2013) ………………………………………3,4

*Grayson v Mayview State Hospital*,
293 F.3d 103, 108 (3d Cir. 2002) …………………………………………..…….12

*Growe v. Emison*,
507 U.S. 25, 39 (1993) ……………………………………………………………7

*Hagans v. Lavine*,
415 U.S. 528, 535, n. 5 (1974) ……………………………………………………5

*Harlan v. Scholz*,
866 F.3d 754, 761 (7th Cir. 2017) ……………………………………..………14

*Hunt v. Cromartie*,
526 U.S. 541, 546 (1999) ……………………………………………...…………13

*In re Google Inc.*,
806 F.3d 125, 133 n.12 (3d Cir. 2015) ………………………..…..…..…………8

*In re: Nomination in re Kimberly Wheeler As Democratic Candidate for
Sch. Bd. Dir. of Souderton Area Sch. Dist. Appeal Of: Kimberly Wheeler*,
293 A.3d 744, 746 (Pa. Cmwlth. 2023) ………………………………..……..8

*Jenkins v. Manning*,
116 F.3d 685, 690-691 (3d Cir. 1997) …………………………………………7

*League of United Latin American Citizens, Council No. 4434 v. Clements*,
999 F.2d 831, 849 (5th Cir. 1993) …………………………………………7,11

*Page v. Bartels*,
248 F.3d 175, 189 (3d Cir. 2001………………………………………….. 5

iv

*Phillips v. Cnty. of Allegheny*,
515 F.3d 224, 232 (3d Cir. 2008) ……………………………………………….3

*Rodgers v. Lodge*,
458 U.S. 613 (1982) …………………………………………………………..13

*Thornburg v. Gingles*,
478 U.S. 30 (1986) …………………………………………………………...1

*United States v. L. A. Tucker Truck Lines, Inc.*,
344 U.S. 33, 38 (1952) ……………………………………………………5

*Vanderklok v. United States*,
868 F.3d 189, 205 n.16 (3d Cir. 2017) ……………………………………8

*Washington v. Davis*,
426 U.S. 229, 239 (1976) …………………………………………....……14

*West v. Atkins*,
487 U.S. 42, 48 (1988)) ………………………………………....……12

*Whitcomb v. Chavis*,
403 U.S. 124 (1993) ………………………………………....……11

*Yick Wo v. Hopkins*,
118 U.S. 356 (1886) ………………………………………....……13

## RULES AND STATUTES

52 U.S.C. § 10301 …………………………………………………………1,3

42 U.S.C. § 1983…………………………………………………………3,12

Fed. R. Civ. P. 8(a)(2) ………………………………………………... 3

Fed. R. Civ. P. 12(b)(6) ………………………………………1,2,3

25 P.S. § 2870(f) ………………………………………………... 8

## INTRODUCTION

Defendant Hazleton Area School District ("HASD") respectfully submits this memorandum of law in support of its Motion to Dismiss all of Plaintiffs, Aleida Aquino and Brendalis Lopez's ("Plaintiffs") claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs filed this lawsuit on February 5, 2024, alleging two Counts for Relief.  First, Plaintiffs allege violations of Section 2 of the Voting Rights Act of 1965 ("VRA"), 52 U.S.C. § 10301; and second, violations of the Fourteenth Amendment to the U.S. Constitution. Plaintiffs allege that the current at-large system for electing members to the HASD board dilutes Plaintiffs' voting strength requiring an alternate election system. *See* Complaint ¶ 1.

Plaintiffs fail to state a legally cognizable cause of action on both Counts. First, as recently recognized in a well-reasoned decision by the Eighth Circuit Court of Appeals, the VRA does not provide for a private cause of action. *Ark. State Conf. NAACP v. Ark. Bd. of Apportionment*, 86 F.4th 1204, 1206-1207 (8th Cir. 2023). Further, and in any event, Plaintiffs' Complaint fails to allege with sufficient specificity the three required elements of an actionable violation of Section 2 set forth by the United States Supreme Court and known as the "*Gingles* factors*". *See Thornburg v. Gingles*, 478 U.S. 30 (1986). Last, the Complaint fails

to plead with sufficient specificity the required discriminatory intent for a violation of the Equal Protection Clause of the Fourteenth Amendment.

As set forth herein, public voting records for Luzerne County, of which this Court may take judicial notice on a 12(b)(6) Motion to Dismiss, fundamentally contradict the broad, conclusory and factually unsupported allegations in Plaintiffs' Complaint. Because Plaintiffs cannot dispute public voting records which belie their claims, any attempt to amend the Complaint would be futile.

Accordingly, the Complaint should be dismissed in its entirety, with prejudice.

## FACTUAL BACKGROUND

Plaintiffs Aleida Aquino and Brendalis Lopez are registered voters in the electoral school district of the Defendant HASD. *See* Complaint ¶¶ 2-3. Plaintiffs allege the current "at-large" system for electing HASD board members diminishes the voting strength of Hispanic voters. *See* Complaint ¶ 1. The Complaint alleges that the Hispanic population "has grown substantially over the past two decades" and is "concentrated in and around the City of Hazleton." *See* Complaint ¶¶ 9-11. HASD school directors are elected via an "at-large" system where district-wide elections are used to fill election vacancies. *See* Complaint ¶ 15-17.

Plaintiffs allege two causes of action: (1) Violation of Section 2 of the VRA, 52 U.S.C. § 10301 and 42 U.S.C. § 1983; and (2) Violation of the Fourteenth Amendment, 42 U.S.C. § 1983. *See* Complaint ¶¶ 36-45.

## LEGAL STANDARD

"Under Federal Rule of Civil Procedure 8(a)(2), 'a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.' When evaluating a Rule 12(b)(6) motion 'courts [must] accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Garcia v. 2011 Legislative Reapportionment Comm'n*, 938 F. Supp. 2d 542, 548 (E.D. Pa. 2013) (*quoting Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (*quoting Phillips v. Cnty of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008))). To survive a motion to dismiss the "complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Grasso v. Katz*, 2023 U.S. App. LEXIS 18285, *8, 2023 WL 4615299 (3d Cir. July 19, 2023) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citations omitted)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949 (citations omitted).

3

The court "must accept all of the complaint's well-pleaded facts as true, and may disregard any legal conclusions." *Garcia*, 938 F. Supp. 2d at 548 (*quoting Fowler*, 578 F.3d at 210-11). "The court is not required to accept '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . .'" *Id.* (citations omitted).

## ARGUMENT

I. **The Court Should Dismiss the Complaint Against HASD for Failure to State a Cause of Action**

### A. Section 2 of the VRA Does Not Include A Private Cause of Action

The Eight Circuit recently determined that Section 2 of the VRA does not include a private cause of action, asking: "Did Congress give private plaintiffs the ability to sue under § 2 of the Voting Rights Act? Text and structure reveal that the answer is no, so we affirm the district court's decision to dismiss." *Ark. State Conf. NAACP*, 86 F.4th at 1206-07. "Here, Congress not only created a method of enforcing § 2 that does not involve private parties, but it also allowed someone else to bring lawsuits in their place. If the text and structure of § 2 and § 12 show anything, it is that 'Congress intended to place enforcement in the hands of the [Attorney General], rather than private parties.'" *Id.* at 1211 (*quoting Freeman v. Fahey*, 374 F.3d 663, 665 (8th Cir. 2004)).

This remains an open question in the Third Circuit. In 2001, the Court noted, "as late as 1980, the Supreme Court had not even definitively determined whether

§ 2 of the Voting Rights Act created a private right of action for voters." *Page v. Bartels*, 248 F.3d 175, 189 (3d Cir. 2001) (*citing City of Mobile v. Bolden*, 446 U.S. 55, 60 (1980) ("Assuming, for present purposes, that there exists a private right of action…). As explored in thorough detail in *Ark. State Conf. NAACP*, the Supreme Court has yet to definitely resolve this issue.

The Eight Circuit noted, "[f]or much of the last half-century, courts have assumed that § 2 is privately enforceable. A deeper look has revealed that this assumption rests on flimsy footing…" *Ark. State Conf. NAACP*, 86 F.4th at 1217-18. While the Third Circuit has historically permitted individuals to pursue claims under § 2, the Supreme Court has made it clear that issues passed *sub silentio* when "neither noted nor discussed in a federal decision, the decision does not stand for the proposition that no [jurisdictional] defect existed." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 144-45 (2011) (*citing Hagans v. Lavine*, 415 U.S. 528, 535, n. 5 (1974) (regarding "prior decisions *sub silentio*, this Court has never considered itself bound"); *United States v. L. A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) ("this Court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed *sub silentio*")). "The Court would risk error if it relied on assumptions that have gone unstated and unexamined." *Ariz. Christian Sch. Tuition Org.*, 563 U.S. at 145.

Here, the time is ripe for this Court to adopt the well-reasoned logic and authority utilized by the 8th Circuit.  As set forth more fully below, Plaintiffs do not even attempt to satisfy the *Gingles* factors with credible, factually supportable allegations.  Judicial notice will demonstrate to the Court that the most basic review of public voting records belies Plaintiffs' conclusory recitation of the *Gingles* factors.  The U.S. Attorney General is therefore better suited to assess and bring to the Court credible violations of the Voters Rights Act. Accordingly, Plaintiffs fail to state a cause of action for a violation of Section 2 of the VRA and the Complaint should be dismissed.

### B. Plaintiffs' Section 2 Claims Fail to State a Cause of Action

Even assuming *arguendo*, that Section 2 of the VRA includes a private cause of action, the Complaint fails to state one.

"Multimember districts and at-large election schemes . . . are not per se violative of minority voters' rights." *Gingles*, 478 U.S. at 48. There are three required elements to allege a violation of Section 2 of the VRA, known as the "*Gingles* factors":

> First, the minority group must be able to demonstrate that it is sufficiently large and geographically compact to constitute a majority in a single-member district . . . Second, the minority group must be able to show that it is politically cohesive . . . Third, the minority must be able to demonstrate that the white majority votes sufficiently as a bloc to enable it -- in the absence of special circumstances, such as the minority candidate running unopposed . . . usually to defeat the minority's preferred candidate.

6

*Jenkins v. Manning*, 116 F.3d 685, 690-691 (3d Cir. 1997) (*citing Gingles*, 478 U.S. at 50-51); *see also League of United Latin American Citizens, Council No. 4434 v. Clements*, 999 F.2d 831, 849 (5th Cir. 1993) (*citing Growe v. Emison*, 507 U.S. 25, 39 (1993)).

While the Complaint contains voluminous statistics concerning alleged percentages of the school district's demographics, including a chart of the City of Hazleton's White/Latino adult population over time (*see* Complaint ¶¶ 8-13), the Complaint fails to allege with any credible specificity the second and third *Gingles* criteria, aside from literally reciting them in conclusory fashion (see Complaint ¶¶ 21-22: "the Hispanic population of the HASD is politically cohesive. The White population of the HASD votes sufficiently as a bloc to enable it usually to defeat the preferred candidates of Hispanic voters."). A pleading that merely "tenders naked assertion[s] devoid of further factual enhancement" is insufficient as a matter of law. *Ashcroft v Iqbal, supra* at 678. "Factual allegations must be enough to raise a right to relief above the speculative level" *Eid v Thompson*, 740 F.3d 118, 122 (3d. Cir 2014), *quoting Bell Atl Corp. v Twombly*, 550 U.S. 544, 555 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". *Ashcroft v Iqbal, supra* at 678. A complaint is

facially insufficient where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct. *Id.*

Aside from the insufficiency of the conclusory allegation that "[v]oting in school board and other elections in the HASD is racially polarized," *See* Complaint ¶ 24, Plaintiffs conspicuously fail to address the partisan politics at play in any election. The Court should take judicial notice[1] of the uncontroverted fact that Luzerne County, PA is split 44% Democrat and 42% Republican.[2] *See* Exhibit "B".

"Section 910(f) of the Pennsylvania Election Code (Election Code) allows a candidate for 'the office of school director in a district where that office is elective' to seek both the Republican and Democratic party nominations, a process known as cross-filing." *In re: Nomination in re Kimberly Wheeler As Democratic Candidate for Sch. Bd. Dir. of Souderton Area Sch. Dist. Appeal Of: Kimberly Wheeler*, 293 A.3d 744, 746 (Pa. Cmwlth. 2023) (*citing* 25 P.S. § 2870(f)). The

---

[1] The Court may take judicial notice of information contained on the website of a governmental agency. Smith v. Radian Settlement Servs., 2024 U.S. Dist. LEXIS 27943, *9, 2024 WL 666178 (M.D. Pa February 16, 2024) (*citing* Landair Transp., Inc. v. Del's Truck & Auto Repair, No. 1:17-CV-0723, 2018 U.S. Dist. LEXIS 26519, 2018 WL 950208 at *2 n.1 (M.D. Pa. Feb. 20, 2018) (citing Abulkhair v. Comm'r of Soc. Sec., 450 Fed. App'x. 117, 119 n.3 (3d Cir. 2011); accord Morgan v. Pa., No. 4:23-CV-00872, 2023 U.S. Dist. LEXIS 177374, 2023 WL 6461245 at *3 (M.D. Pa. Oct. 2, 2023) (Brann, J.) (citing In re Google Inc., 806 F.3d 125, 133 n.12 (3d Cir. 2015). See also Vanderklok v. United States, 868 F.3d 189, 205 n.16 (3d Cir. 2017)).

[2] Pennsylvania Department of State, Voting & Election Statistics, Voter registration statistics by county: https://www.dos.pa.gov/VotingElections/OtherServicesEvents/VotingElectionStatistics/Pages/VotingElectionStatistics.aspx

process of cross-filing allows candidates, Hispanic or not, to seek nominations of either party.

The current HASD Board demographics illustrate this reality. Reviewing the 2023 election results, and focusing on Luzerne County as the Complaint does (omitting those parts of Schuylkill and Carbon Counties that are also a part of HASD), it is clear that Plaintiffs' dissatisfaction is caused by partisan politics coupled with a lack of a cohesive Hispanic voting bloc, not Hispanic vote dilution. This Court should take further judicial notice of the uncontroverted fact that the 2023 4-year term election for Luzerne County (containing the City of Hazleton and West Hazleton Borough, *see* Complaint ¶ 10), for Hazleton Area School District includes:

| DIRECTOR | DEMOCRATIC VOTES | REPUBLICAN VOTES | TOTAL |
|---|---|---|---|
| Tony Bonomo | 1243 | 2432 | 3675 |
| Edward Shemansky | N/A | N/A | N/A |
| Joseph Barletta | 1009 | 2610 | 3619 |
| James Chapman | 1021 | 2021 | 3042 |
| Robert Childs, M.D. | 1808 | 2050 | 3858 |
| Linda DeCosmo | N/A | N/A | N/A |

9

| Ellen McBride | 1298 | 2046 | 3344 |
| Anthony Ryba | N/A | N/A | N/A |
| Joseph Zeller, Jr. | 1878 | 772 | 2650 |

*See* Exhibit "C".

The 2023 4-year term candidates that did not make the Board received the following votes:

| DIRECTOR | DEMOCRATIC VOTES | REPUBLICAN VOTES | TOTAL |
|---|---|---|---|
| Taira Ferreras | 947 | 0 | 947 |
| Daniel Jorge | 677 | 0 | 677 |
| Ivelisse Childs | 1388 | 1261 | 2649 |
| Jackie Scarcella | 939 | 1629 | 2568 |
| Peter Bard | 644 | 1615 | 2259 |
| Carmella Yenkevich | 1121 | 1798 | 2919 |

*See* Exhibit "C".

Here, as in *League of United Latin American Citizens*, "the facts alleged by Plaintiffs, therefore, strongly implicate the conclusion that the relevant bloc frustrating Plaintiffs' election success is not Whites but Republicans. As the Fifth Circuit has recognized, '[t]here is . . . a powerful argument supporting a rule that plaintiffs, to establish legally significant racial bloc voting, must prove that their failure to elect representatives of their choice cannot be characterized as a mere euphemism for political defeat at the polls, or the result of partisan politics.'" *League of United Latin American Citizens*, 999 F.2d at 859 (*citing Whitcomb v. Chavis*, 403 U.S. 124 (1993)).

Merely alleging that if voting districts were drawn along racial or ethnic lines, Hispanic citizens would be the majority in the City of Hazleton and West Hazleton Borough (*see* Complaint ¶ 10), conveniently ignores the reality of partisan politics at play in the school district. Plaintiffs fail to allege with any credible specificity that the claimed Hispanic group of voters is politically cohesive or that the White majority votes sufficiently as a bloc to enable it usually to defeat the minority's preferred candidate – both assumptions flatly refuted by the reality of the partisan demographics of Hazleton as demonstrated above.

Accordingly, Plaintiffs fail to state a cause of action for a violation of Section 2 of the VRA and the Complaint should be dismissed. Further, because Plaintiffs cannot dispute the plain facts of public voting records, any attempt to

11

amend the Complaint would be futile.  *See*, *Grayson v Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002) (leave to amend need not be granted if amendment would be futile);

### C. Plaintiffs' Fourteenth Amendment Claims Fail to State a Cause of Action

"Section 1983 is not a source of substantive rights; rather § 1983 authorizes a person to file a private cause of action against state actors for a deprivation of rights protected by a federal statute or the United States Constitution." *Oh v. Phila. County Bd. of Elections*, 2008 U.S. Dist. LEXIS 101656, *6-9, 2008 WL 4787583 (E.D. Pa. 2008) (*citing* 42 U.S.C. § 1983 (2004) and *West v. Atkins*, 487 U.S. 42, 48 (1988)). "[T]o state a claim under § 1983, plaintiff must allege: (1) a violation of a right secured by the Constitution or the laws of the United States and (2) that the deprivation was committed by a person acting under the color of state law." *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999).

"A civil rights complaint that relies on vague and conclusory allegations does not provide 'fair notice' and will not survive a motion to dismiss." *Dist. Council 47, Am. Fed'n of State County and Municipal Employees, AFL-CIO v. Bradley*, 795 F.2d 310, 313 (3d Cir. 1986).

The Complaint alleges "the at-large system of electing school directors denies Hispanic citizens equal access to the political process in violation of the Equal Protection Clause of the Fourteenth Amendment." *See* Complaint ¶ 44.

"Equal protection violations under the Fourteenth Amendment must be supported by proof of racially discriminatory intent or purpose. *Huertas v. City of Camden*, 2004 U.S. Dist. LEXIS 34053, *22 (D.N.J. 2008) (*citing City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 194 (2003) (citation and quotes omitted)). There are three ways in which purposeful discrimination can be demonstrated. First, a law or policy that classifies citizens on the basis of race on its face is constitutionally suspect and subject to strict scrutiny. *Id.* (*citing Hunt v. Cromartie*, 526 U.S. 541, 546 (1999)). Second, a suspect classification is created where a law that is neutral on its face is administered in a discriminatory manner. *Id.* (*citing Yick Wo v. Hopkins*, 118 U.S. 356 (1886)). Third, a law that is neutral on its face and is applied in accordance with its terms may violate the equal protection clause if motivated by a discriminatory intent and having a discriminatory impact. *Id.* (*citing Rodgers v. Lodge*, 458 U.S. 613 (1982)).

The Complaint does not allege any racial classification of citizens or discriminatory intent, but instead only that the neutral "at-large" elections deprive Plaintiffs of their right to equal protection. *See* Complaint ¶ 44.

When "dealing with a facially-neutral statute, as is the case here, the plaintiff must do more than present evidence of a disparate impact . . . to establish an equal protection violation." *McDonald v. Cook Cty. Officers' Electoral Bd.*, 2018 U.S. Dist. LEXIS 42503, *11-12, 2018 WL 1334931 (N.D. Ill. 2018) (*citing*

13

*Washington v. Davis*, 426 U.S. 229, 239 (1976) ("a purpose to discriminate must be present"); *Harlan v. Scholz*, 866 F.3d 754, 761 (7th Cir. 2017) (equal protection claim failed where plaintiff "offer[ed] no evidence of discriminatory intent, as opposed to evidence of some differences in treatment"); *Alston v. Madison*, 853 F.3d 901, 907 (7th Cir. 2017) ("But even if [plaintiff] can show a discriminatory effect, his equal-protection claim fails because he cannot show a discriminatory purpose."); *Bond v. Atkinson*, 728 F.3d 690, 692-93 (7th Cir. 2013) (disparate impact alone does not violate equal protection).

Even accepting the disparate impact as alleged in the Complaint, that alone does not rise to the discriminatory intent required for a violation of the Equal Protection Clause.  Accordingly, Plaintiffs fail to state a cause of action for a violation of the Fourteenth Amendment to the U. S. Constitution and the Complaint should be dismissed with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Complaint against Defendant HASD should be dismissed in its entirety with prejudice.

**McANGUS GOUDELOCK & COURIE, LLC**

_____
Eric A. Fitzgerald, Esquire
2000 Market Street, Suite 780
Philadelphia, PA 19103
Mailing Address: P.O. Box 12519
Columbia, SC 29211
Phone: (484) 406-4200
Email: eric.fitzgerald@mgclaw.com
*Attorneys for Defendant,*
*Hazleton Area School District*

Dated:  April 3, 2024

15

## <u>CERTIFICATE OF WORD COUNT</u>

I, Eric A. Fitzgerald, Esquire, hereby certify that the foregoing Memorandum of Law is in compliance with Local Rule 7.8(b)(3). The Memorandum of Law contains 3,833 words as computed by Microsoft Office Word.

_____

Eric A. Fitzgerald, Esq.

Date: April 3, 2024

## APPENDIX OF UNPUBLISHED OPINIONS

1. *Grasso v. Katz*, 2023 U.S. App. LEXIS 18285, *8, 2023 WL 4615299 (3d Cir. July 19, 2023)

2. *Oh v. Phila. County Bd. of Elections*, 2008 U.S. Dist. LEXIS 101656, *6-9, 2008 WL 4787583 (E.D. Pa. 2008)

3. *Huertas v. City of Camden*, 2004 U.S. Dist. LEXIS 34053, *22 (D.N.J. 2008)

4. *McDonald v. Cook Cty. Officers' Electoral Bd.*, 2018 U.S. Dist. LEXIS 42503, *11-12, 2018 WL 1334931 (N.D. Ill. 2018)

5. Smith v. Radian Settlement Servs., 2024 U.S. Dist. LEXIS 27943, *9, 2024 WL 666178 (M.D. Pa. February 16, 2024)

6. Landair Transp., Inc. v. Del's Truck & Auto Repair, No. 1:17-CV-0723, 2018 U.S. Dist. LEXIS 26519, 2018 WL 950208 at *2 n.1 (M.D. Pa. Feb. 20, 2018)

7.  Morgan v. Pennsylvania, No. 4:23-CV-00872, 2023 U.S. Dist. LEXIS 177374, 2023 WL  6461245 at *3 (M.D. Pa. Oct. 2, 2023)