May 23, 2025

**VIA ECF**

Honorable Karoline Mehalchick
U.S. District Court for the Middle District of Pennsylvania
William J. Nealon Federal Building
235 N. Washington Avenue
Scranton, PA 18503

        Re:  <u>Aquino and Lopez v. Hazleton Area School District - No. 24-CV-206</u>

Dear Judge Mehalchick:

      I write on behalf of Plaintiffs Aleida Aquino and Brendalis Lopez to request a telephone conference to resolve relevance objections lodged by Defendant Hazleton Area School District ("HASD") to two requests for production of documents served by Plaintiffs. We conferred with counsel for HASD but were unable to resolve our disputes over the objections.

      The requests at issue are Plaintiffs' Request for Production No. 23 which seeks "documents relating to allegations, complaints, or reports of alleged or suspected wrongdoing involving any member of" the Hazleton Area School Board and Request for Production No. 25 which seeks "documents relating to any business, property, personnel, or other transactions between HASD and any current or former [Hazleton Area School Board] members or their families." HASD objected to the requests as irrelevant and offered to produce only documents relating to allegations of racism or racial discrimination in response to Request No. 23. This limited offer is not sufficient.

      The discovery Plaintiffs are seeking is relevant to the "totality of the circumstances" analysis that applies to claims under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. This analysis requires "a searching and practical evaluation of past and present reality" in the election district and "an intensely local appraisal of the design and impact of the contested electoral mechanism[]." *Thornburg v. Gingles*, 478 U.S. 30, 65, 79 (1986) (citations and internal quotation marks omitted). Typical factors relevant to the analysis—the "Senate Factors"—include the extent of any history of discrimination impacting the minority group's participation in the democratic process, use of voting practices or procedures that enhance the opportunity for discrimination, whether political campaigns included racial appeals, and responsiveness on the part of elected officials to particularized needs of the minority group. *Id.* at 36-37. The Senate Factors are "neither comprehensive nor exclusive," and other factors are also properly considered. *Id.* at 45. The touchstone of the inquiry is whether, under the totality of the circumstances, the challenged electoral process "is equally open to minority voters." *Id.* at 79.

      There is no question that the documents sought in Request Nos. 23 and 25 are relevant to this analysis. Complaints involving members of the Hazleton Area School Board and transactions

between Board members and the HASD are highly probative of, *inter alia*, Board members' biases and their responsiveness to the concerns of minorities and are critical to properly assess the processes they implemented to fill vacant seats on the Board and the appointments they made. The requested information is plainly relevant to the "totality of the circumstances" and the impact of the challenged at-large voting system on minorities in the HASD. *See, e.g., Nat'l Ass'n for Advancement of Colored People v. E. Ramapo Cent. Sch. Dist.*, No. 17 Civ. 8943, 2018 WL 11260468, at *3 (S.D.N.Y. Apr. 27, 2018) (compelling disclosure of communications "reflecting public inquiries and complaints" about school board members and board members' "personal income" because such information is "highly relevant to the totality of circumstances analysis"); *see also Johnson v. DeGrandy*, 512 U.S. 997, 1011 (1994) ("[T]he ultimate conclusions about equality or inequality of opportunity are intended by Congress to be judgments resting on comprehensive, not limited, canvassing of relevant facts.").

HASD's offer to produce only documents relating to specific allegations of racial discrimination is not sufficient. The "totality of the circumstances" analysis is not so limited, but rather requires comprehensive evaluation of the impact of the challenged voting system on minority voters. Further, seemingly innocuous policies and preferences often serve as vehicles to thwart minority interests and therefore even neutral policies and preferences are relevant in evaluating Section 2 claims. *See, e.g., Clerveaux v. E. Ramapo Cent. Sch. Dist.*, 984 F.3d 213, 237-38 (2d Cir. 2021) (finding that support for policies favoring private schools satisfy Senate Factor 2 because "schooltype is a proxy for race" and explaining: "the public-school community can be viewed as a vehicle for advancing distinctively minority interests") (citation and internal quotation marks omitted).

Finally, beyond relevance to the merits, the information sought by Plaintiffs is relevant to the credibility of Board members who have been identified as potential witnesses. *See, e.g., United States v. Green*, 617 F.3d 233, 251 (3d Cir. 2010) ("[E]vidence concerning a witness's credibility is always relevant, because credibility is always at issue.").

Given the liberal policy in favor of discovery, *see Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999) ("It is well recognized that the federal rules allow broad and liberal discovery."), HASD should be compelled to produce all complaints and reports of wrongdoing involving Board members and documents relating to personal and/or business transactions between HASD and Board members.

We respectfully request a telephone conference to resolve these disputes.

Respectfully,

Donna A. Walsh

cc: All counsel of record (via ECF)