## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRENDALIS LOPEZ and EMMANUEL MARTINEZ,

              Plaintiffs,

     v.

HAZLETON AREA SCHOOL DISTRICT

              Defendant.

Civil Action No. 3:24-cv-00206

### DEFENDANT HAZLETON AREA SCHOOL DISTRICT'S
### ANSWER WITH AFFIRMATIVE DEFENSES
### TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant, Hazleton Area School District ("HASD"), by and through its undersigned counsel, hereby submits the following Answer with Affirmative Defenses to Plaintiffs Brendalis Lopez's and Emmanuel Martinez's ("Plaintiffs") Complaint:

### INTRODUCTION

1.    HASD admits that the Plaintiffs have brought this action and that the Complaint makes allegations consistent with the statements in this paragraph. HASD denies that any of the allegations of improper or unlawful behavior on the part of HASD or the Hazelton Area School Board ("HASB") are true, or that the Plaintiffs are entitled to any of the relief that they seek. HASD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 1 of the Complaint, and the allegations are therefore denied.

## PARTIES

2.      HASD admits that Hazelton, Pennsylvania is within the Hazelton Area School District. HASD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint, and the allegations are therefore denied.

3.      HASD admits that Ms. Lopez is the parent of a student who attends school in the Hazleton Area School District. HASD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint, and the allegations are therefore denied.

4.  HASD admits the allegations in Paragraph 4 of the Complaint.

5.  HASD admits the allegations in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.  HASD admits the allegations in Paragraph 6 of the Complaint.

7.  HASD admits the allegations in Paragraph 7 of the Complaint.

## ALLEGATIONS

8.      HASD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and the allegations are therefore denied.

9.      HASD lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 9 of the Complaint, and the allegations are therefore denied.

10. HASD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and the allegations are therefore denied.

11. HASD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and the allegations are therefore denied.

12. HASD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and the allegations are therefore denied.

13. HASD admits that the figures cited by the Plaintiffs appear in various sources and are generally consistent with other enrollment and demographic figures maintained by HASD for the 2022-23 school year. Answering further, HASD states that enrollment and demographic information for the HASD is not static and changes throughout the course of a school year.

14. HASD admits the allegations in Paragraph 14 of the Complaint.

15. HASD admits the allegation in Paragraph 15 of the Complaint.

16. HASD admits that HASD school board directors are chosen in district-wide elections and that voters in the District may vote for any of the board

candidates they choose. It is further admitted that elected board members act for the benefit of the entire district. HASD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint, and the allegations are therefore denied.

17. The allegations in Paragraph 17 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, HASD admits that the cited statute permits certain school districts to elect directors at-large or by regions.

18. HASD admits the allegations in Paragraph 18 of the Complaint.

19. HASD denies the allegations in in Paragraph 19 of the Complaint.

20. HASD denies the allegations in Paragraph 20 of the Complaint.

21. HASD denies the allegations in Paragraph 21 of the Complaint.

22. HASD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and the allegations are therefore denied.

23. HASD denies the allegations in Paragraph 23 of the Complaint.

24. HASD denies the allegations in Paragraph 24 of the Complaint.

25. HASD admits the allegations in Paragraph 25 of the Complaint.

26. HASD admits the allegations in Paragraph 26 of the Complaint.

27. HASD lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 27 of the Complaint, and the allegations are therefore denied.

28.    HASD denies the allegations in Paragraph 28 of the Complaint.

29.    HASD denies the allegations in Paragraph 29 of the Complaint.

30.    HASD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and the allegations are therefore denied.

31.    HASD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and the allegations are therefore denied.

32.    HASD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and the allegations are therefore denied.

33.    HASD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and the allegations are therefore denied.

34.    HASD denies the allegations in Paragraph 34 of the Complaint.

35.    HASD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and the allegations are therefore denied.

## CAUSES OF ACTION

### Violation of Section 2 of the VRA, 52 U.S.C. § 10301 and 42 U.S.C. § 1983

36. HASD incorporates by reference its responses in Paragraphs 1 through 35 of its Answer as if set forth at length herein.

37. The allegations in Paragraph 37 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, HASD denies that it has denied or abridged the right of anyone to vote on account of race or color. HASD further denies that it has violated Section 2 of the VRA.

38. The allegations in Paragraph 38 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, HASD denies that it has deprived minority voters of an equal opportunity to participate in the political process and to elect representatives of their choice. HASD further denies that it has violated Section 2 of the VRA.

39. HASD denies the allegations in Paragraph 39 of the Complaint.

40. HASD denies the allegations in Paragraph 40 of the Complaint.

### Violation of the Fourteenth Amendment, 42 U.S.C. § 1983

41. HASD incorporates by reference its responses to Paragraphs 1 through 40 of its Answer as if set forth at length herein.

42. The allegations in Paragraph 42 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, HASD denies that it has denied any person the equal protection of the laws or that its conduct violates the 14th Amendment.

43. The allegations in Paragraph 43 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, HASD denies that it has purposefully denied minorities equal access to the political process, or that its conduct is unconstitutional.

44. HASD denies the allegations in paragraph 44 of the Complaint.

45. HASD denies the allegations in Paragraph 45 of the Complaint.

## **ANSWER TO PRAYER FOR RELIEF**

1-7. The remainder of the Complaint, including the WHEREFORE clause and the seven numbered paragraphs that follow it, contain Plaintiffs' requests for relief to which no responsive pleading is required. To the extent that any response to those portions of the Complaint is deemed required, HASD denies all of the allegations set forth therein and denies that Plaintiffs are entitled to any of the relief requested, or to any other forms of relief whatsoever.

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' Complaint, HASD asserts the following Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs lack standing to pursue the claims asserted in this action.

### SECOND AFFIRMATIVE DEFENSE

The relief sought by Plaintiffs would involve an unconstitutional act.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs seek inappropriate relief, including relief that is not within HASD's authority to accomplish.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join all necessary parties.

### FIFTH AFFIRMATIVE DEFENSE

As properly construed, Section 2 of the VRA does not support a claim for voter dilution in this matter.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs fail to satisfy the three *Gingles* criteria.

### SEVENTH AFFIRMATIVE DEFENSE

HASD has acted at all times in good faith and in accordance with the laws of the Commonwealth of Pennsylvania and the United States of America and without

intent to deprive Plaintiffs of their rights or to cause injury.

## EIGHTH AFFIRMATIVE DEFENSE

HASD has acted at all times with the reasonable belief that its actions were valid and lawful.

## NINTH AFFIRMATIVE DEFENSE

The mandates of Section 2 have been appropriately met and satisfied in all Hazleton Area School Board elections.

## TENTH AFFIRMATIVE DEFENSE

HASD reserves the right to assert additional affirmative defenses to the Complaint, whether under law, equity or otherwise, as they may become apparent during the continuing course of discovery and investigation in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, HASD prays for judgment that:

1.    This Honorable Court enter judgment against Plaintiffs and in favor of HASD;

2.    This Honorable Court award costs of suit and attorneys' fees to HASD; and that

3.    This Honorable Court grant such further relief as it deems appropriate.

Respectfully submitted:

Dated: January 16, 2025

_____
Eric A. Fitzgerald, Esquire
John O'Neill, Esq. *(pro hac vice)*
Erin E. Lamb, Esq.
McAngus, Goudelock & Courie, LLC
2000 Market Street, Suite 2850
Philadelphia, PA 19103
Mailing Address: P.O. Box 12519
Columbia, SC 29211
Phone: (484) 406-4200
Email: eric.fitzgerald@mgclaw.com
          John.ONeill@mgclaw.com
          Erin.lamb@mgclaw.com
*Attorneys for Defendant,*
*Hazleton Area School District*